TROTT,
Circuit Judge, concurring in the judgment:
The complaint filed by plaintiffs’ attorney Jeff Dominic Price accuses the defendants Kurtz and Klevos of conspiring with premeditation to kill Steven Bouts by provoking him into a duel so that they could use deadly force against him. The complaint also accuses the officers of agreeing among themselves and with others to “fabricate police reports, to make false statements to other police officers, to attempt to fabricate reasonable suspicion and probable cause, to suppress exculpatory evidence, to commit perjury, and to present planted evidence, having as their goal the concealment of the truth ...” as part of the conspiracy. According to the complaint, Klevos and Kurtz then “executed the plan by firing eight (8) bullets ... into the body of Steven Bours.... ”
In the language of Rule 11(b)(8) of the Federal Rules of Civil Procedure, these factual contentions had and have no evi-dentiary support whatsoever. Moreover, these attention-seeking allegations were not “likely [to] have evidentiary support ... after a reasonable opportunity for further investigation or discovery----” This complaint was drafted and filed without a reasonable inquiry into the facts and for abusive and defamatory purposes.
A license to practice law is not a license to smear and to vilify anyone, and that is what this complaint was. Counsel’s heated defense at oral argument of his complaint simply compounded this unprofessional conduct. Mr. Price’s clients can take solace, however, in a standard principle adhered to by our courts: The sins of an attorney are never visited upon the clients.